IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| G AND G PEPPERS, LLC ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.: |
| ) | |
| EBRO FOODS, INC.; ZENAIDA ABREU, ) | FILED: JANUARY 26, 2009 |
| individually; MARTA JIMENEZ, ) | 09CV489 |
| individually; SILVIO VEGA, individually; ) | JUDGE ZAGEL |
| and RSD HOLDINGS, LLC, ) | MAGISTRATE JUDGE COLE |
| ) | BR |
| Defendants. ) | |

## COMPLAINT

Plaintiff, G and G Peppers, LLC ("G & G" or "Plaintiff"), by its undersigned attorneys, Mary E. Gardner, P.C. and Craig A. Stokes, as and for its Complaint against Defendants, Ebro Foods, Inc.; Zenaida Abreu, individually; Marta Jimenez, individually; Silvio Vega, individually; and RSD Holdings, LLC, alleges and states as follows:

### JURISDICTION AND VENUE

1. This court has jurisdiction of this case pursuant to sections 5 and 7 of the Perishable Agricultural Commodities Act of 1930, as amended [7 U.S.C. §§ 499(c) and 499g] ("PACA"), and pursuant to 28 U.S.C. § 1331.

2. Plaintiff G & G is now, and at all material times was, an Indiana limited liability company, with its principal place of business in Gaston, Indiana. G & G is a shipper of perishable agricultural commodities in interstate and international commerce and is licensed by the United States Department of Agriculture under the Perishable Agricultural Commodities Act "PACA."

3. Defendants are:

   a. Ebro Foods, Inc. ("Ebro"), is an Illinois corporation having a principal place of business in Chicago, Illinois.

   b. Zenaida Abreu, individually; believed to be a resident of Cook County, Illinois, is a principal of Ebro;

   c. Marta Jimenez, individually; believed to be a resident of Cook County, Illinois, is a principal of Ebro

   d. Silvio Vega, individually; believed to be a resident of Cook County, Illinois, is a principal of Ebro and

   e. RSD Holdings, LLC, an Illinois limited liability corporation not in good standing in Illinois but having a principal place of business in Cook County, Illinois, is a principal of Ebro.

Hereinafter, Ebro, Zenaida Abreu; Marta Jimenez, Silvio Vega, and RSD Holdings, LLC are together referred to as the "Defendants".

4. Defendants were at all times pertinent engaged in the business of buying and selling wholesale quantities of produce in interstate commerce and were dealers subject to the provisions of the PACA.

## GENERAL ALLEGATIONS

5. This action is brought to enforce the trust provisions of P.L. 98-273, the 1984 Amendment to Section 5 of the PACA, 7 U.S.C. § 499e(c) and the general provisions of liability for violations of Section 2 of the PACA, and Section 7 of the PACA, 7 U.S.C. . § 499g(b).

6. From October 2 through October 10, 2007, in a series of transactions, Plaintiff sold, shipped and delivered fresh whole green jalapeno peppers to Defendants as agreed between

the parties. Defendants, however, have not paid the agreed price for these commodities, leaving a balance of $42,920.00.

7. Defendants accepted said produce from Plaintiff.

8. At the time of Defendants' receipt of the produce, Plaintiff became beneficiary in a statutory trust designed to assure payment to produce suppliers. The trust consists of all produce or produce-related assets, including all funds commingled with funds from other sources and all assets procured by such funds, in the possession or control of Defendants since the creation of the trust. Plaintiff preserved its interest in the PACA trust in the amount of $42,920.00 and remains a beneficiary until full payment is made for the produce.

## I.
## FIRST CAUSE OF ACTION
### (Breach of Contract)

9. Plaintiff realleges and incorporates by reference paragraph 1 through 8 inclusive, of this Complaint, as though set forth in this paragraph 9.

10. Between October 2 and October 10, 2007, in a series of transactions, Plaintiff sold, shipped and delivered fresh whole green jalapeno peppers to Defendants as agreed between the parties. Defendants, however, have not paid the agreed price for these commodities leaving a balance of $42,920.00. True and correct copies of the invoices for these sales are attached hereto as Exhibit "A".

11. At or about the date of each of the transactions described above, Plaintiff forwarded to Defendants invoices for each transaction that set forth in detail the amount owed by Defendants for the produce purchased from G & G.

12. Plaintiff has repeatedly demanded that Defendants pay the $42,920.00 due and owing under the invoices. Defendants have failed and refused and continue to fail and refuse to

pay Plaintiff for the produce purchased by Defendants and no part of the sum due and owing has been paid.

13. Plaintiff has performed all conditions, covenants and obligations required to be performed by it under the agreements for the sale of the produce to Defendants.

14. As a direct and proximate result of Defendants' failure to remit payment due to the Plaintiff as described above, Plaintiff has suffered losses in the amount of $42,920.00, plus interest and attorneys' fees.

15. Plaintiff placed the following legend on each invoice it sent to Defendants:

> NOTICE: Interest shall accrue on any post-due account balance at the rate of 1.5% per month (18% per annum). Buyer agrees to pay all costs of collection, including attorneys' fees.

16. Pursuant to the terms of the parties' invoices, Plaintiff is entitled to recover interest at the rate of 1.5% per month from the date on which payment was due along with a reasonable attorney's fee for the filing and prosecution of this action.

## II.
## SECOND CAUSE OF ACTION
### (Failure to Account and Pay Promptly)

17. Plaintiff G & G realleges and incorporates by reference paragraphs 1 through 16 inclusive, of Count I of this Complaint as though fully set forth in this paragraph 17.

18. Plaintiff has repeatedly demanded that Defendants pay the $42,920.00 past due for the produce sold and delivered to Defendants as described above. Despite these demands, Defendants have failed and refused to truly, correctly and accurately account for and make full payment of the proceeds for the fresh whole green jalapeno peppers that G & G sold and delivered to them. Therefore, Defendants have failed to perform the requirements of the contracts of sale, express and implied, have breached their respective duty to account and pay for

the produce in violation of the PACA, 7 U.S.C. § 499e *et.seq.*, and the regulations enforcing the PACA.

19. As a direct and proximate cause and result of the wrongful acts and omissions of Defendants as alleged above, Plaintiff G & G has suffered the cumulative loss of $42,920.00, plus interest and attorney's fees.

### III.
### THIRD CAUSE OF ACTION
### (Enforcement of PACA Trust)

20. Plaintiff realleges and incorporates by reference paragraphs 1 through 19, inclusive, of Count II of this Complaint as though fully set forth in this paragraph 20.

21. At all times relevant Plaintiff was engaged in the business of selling and/or shipping perishable agricultural commodities as defined by PACA [7 U.S.C. §499a(4)].

22. The perishable agricultural commodities that are the subject of the First Cause of action were purchased and sold in or in contemplation of interstate and/or foreign commerce.

23. Plaintiff is and was at all times pertinent a licensee under PACA. Pursuant to the regulations promulgated under PACA, Plaintiff placed the following legend on each invoice it sent to Defendants:

> The perishable agricultural commodities listed on this invoice are subject to the statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sales of these commodities until full payment is received.

24. Pursuant to 7 U.S.C §499e(c)(1)-(4) of the PACA, upon delivery of its invoices by Plaintiff to Defendants, Plaintiff became the beneficiary of a floating, non-segregated statutory trust on all of Defendants' perishable agricultural commodities, and any receivables or

Plaintiff's Complaint for Damages - Page 5

proceeds from the sale of such perishable agricultural commodities or products or assets derived therefrom.

25. Pursuant to the statutory trust provisions of the PACA [7 U.S.C. §499e(c)(1)-(4)], Plaintiff has performed and fulfilled all duties required to preserve its respective PACA trust benefits in the total amount of $42,920.00, plus interest and reasonable attorney's fees, in all PACA trust assets under the control of or in the possession of Defendants.

26. Pursuant to the PACA, Defendants are statutory trustees of the PACA trust assets in their possession or under their control. The PACA trust requires the Defendants to hold and preserve all goods, inventories, proceeds and receivables in trust for the benefit of Plaintiff until full payment has been made to Plaintiff. Plaintiff is informed and believes and thereon alleges that Defendants have failed to maintain the trust assets and keep them available to satisfy Defendants' obligations to Plaintiff in that Defendants have dissipated PACA trust assets and said trust is insolvent, or on the verge of insolvency, all in violation of section 499(b)(4) of the PACA and the regulations enforcing the PACA trust provisions, 7 C.F.R. §46.46. Defendants failed to perform the requirements of these statutory trust provisions, express and implied, and have breached their fiduciary duties to maintain the trust assets, all in violation of section 499(b)(4) of the PACA and the regulations enforcing the PACA trust provisions, express and implied, 7 C.F.R. §46.46.

27. Plaintiff is informed and believes and upon that basis alleges that during all relevant times, Defendants transferred or diverted the trust assets and are continuing to transfer or divert trust assets -- including receivables or proceeds derived from the sale of produce purchased from Plaintiff -- to their own use and/or to an unknown third party or parties in violation of their statutory duties under the PACA to preserve the trust assets for the benefit of

Plaintiff. [7 C.F.R. §46.46(c)]. The statutory trust created by the PACA unequivocally gives priority to Plaintiff's interest in all inventories of products derived from perishable agricultural commodities and in any receivables or proceeds from the sale of such commodities or products that have been transferred to secured or unsecured creditors.

28. As a direct and proximate cause and result of the wrongful acts and omissions of Defendants, Plaintiff has suffered the cumulative loss of $42,920.00, plus interest and reasonable attorney's fees, all of which qualifies for protection under the PACA trust.

## FOURTH CAUSE OF ACTION
### (Enforcement of Reparations Award)

29. Plaintiff realleges and incorporates by reference paragraphs 1 through 14, inclusive, of Count I of this Complaint as though fully set forth in this paragraph 29.

30. G&G filed a timely complaint against Defendant Ebro with the Secretary of Agriculture, United States Department of Agriculture, pursuant to the Rules of Practice Under the PACA (7 C.F.R. §§ 47.1-49) to collect the sums due it from Defendant Ebro, as stated hereinabove.

31. On August 8, 2008, the USDA issued a Reparations Award in favor of Plaintiff and against Defendant Ebro in the amount of $42,920, plus interest at the rate of 2.30 per centum per annum from November 1 2007 until paid, plus the amount of $300 in costs before the USDA. A copy of the Reparations Award is attached as Exhibit "B".

32. Defendant Ebro has failed and refused to pay the Reparations Award, despite demands therefor.

33. As a result, pursuant to Section 7(b) of the PACA, Defendant Ebro owes to Plaintiff $42,920, plus interest and costs as stated in the Reparations Award, plus Plaintiff's reasonable costs and attorneys fees incurred in the instant action to collect same.

Plaintiff's Complaint for Damages - Page 7

**WHEREFORE**, Plaintiff requests judgment as follows:

### COUNT 1
### BREACH OF CONTRACT

1. For judgment in favor of Plaintiff and against Defendants, jointly and severally, in the cumulative amount of at least $42,920.00.

2. For finance charges and/or interest thereon at the rate of 18% per annum from the date the obligation became due and payable to G & G;

3. For an award of reasonable attorneys' fees incurred herein, and for costs; and

4. For such other and further relief as the court may deem just and proper.

### COUNT 2
### FAILURE TO ACCOUNT AND PAY PROMPTLY

1. For judgment in favor of Plaintiff and against Defendants, jointly and severally, in the amount of $42,920.00 in damages;

2. For interest at the highest legal rate from the date the obligation came due and payable to Plaintiff until paid;

3. For an award of reasonable attorneys' fees incurred herein, and for costs; and

4. For such other and further relief as the Court may deem just and proper.

### COUNT 3
### ENFORCEMENT OF STATUTORY TRUST PROVISIONS OF PACA

1. For judgment in favor of Plaintiff and against Defendants, jointly and severally, requiring Defendants to immediately account for and pay PACA trust assets to Plaintiff the sum of $42,920.00, plus costs;

2. For interest at the highest legal rate from the date the obligation became due and payable to Plaintiff G & G until fully paid; and

3. For such other and further relief as the Court may deem just and proper.

## COUNT 4
## ENFORCEMENT OF REPARATIONS AWARD

1. For judgment in favor of Plaintiff and against Defendant Ebro Foods, Inc. in the amount of $43,220.00, plus costs and interest at the rate of 2.30 per centum per annum from November 1, 2007 until paid, and an award of a reasonable attorneys fee;

2. For such other and further relief as the Court may deem just and proper.

Dated: January ____, 2009.

                                                  Respectfully submitted,

                                                  G AND G PEPPERS, LLC

                                                  By: /s/Mary E. Gardner
                                                         One of Its Attorneys

Mary E. Gardner, Esq.
MARY E. GARDNER, P.C.
P. O. Box 330
West Dundee, Illinois 60118
Tel: 847/804-7222; Fax: 866/400-0235
ARDC # 6190951

Of Counsel:
Craig A. Stokes, Esq.
STOKES LAW OFFICE LLP
3330 Oakwell Court, Suite 225
San Antonio, TX 78218
E-Mail: cstokes@stokeslawoffice.com
Telephone (210) 804-0011; Facsimile (210) 822-2595
E-Mail: cstokes@stokeslawoffice.com
Florida State Bar No. 0122572

Plaintiff's Complaint for Damages - Page 9