IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| G AND G PEPPERS, LLC | ) |
| Plaintiff, | ) |
| vs. | ) Case No.: 1:09-cv-00489 |
| EBRO FOODS, INC.; ZENAIDA ABREU, individually; MARTA JIMENEZ, individually; SILVIO VEGA, individually; and RSD HOLDINGS, LLC, | ) |
| Defendants. | ) |
| In re: | ) |
| G AND G PEPPERS | ) |
| Appellant | ) |
| v. | ) Civil Case No.: 10-CV-1843 |
| EBRO FOODS, INC. | ) |
| Appellee | ) |

**PLAINTIFF'S MOTION TO REOPEN AND CONSOLIDATE PROCEEDINGS**

NOW COMES Plaintiff, G and G Peppers, LLC ("G & G" or "Plaintiff"), by its undersigned attorneys, requesting that the Court reopen this matter as provided under Fed. R. Civ. P. 60 and consolidate it with the Plaintiff's pending appeal before the district court (Case No. 1:10-cv-1843). In support of its motion, G&G provides the following:

///

///

### A. Background

1. This matter arises from the sale of shipments of peppers by G&G to Ebro Foods, Inc. ("Ebro") from October 2 - 10, 2007.

2. G&G filed a reparation claim against Ebro before the U.S. Department of Agriculture ("USDA") on or about February 27, 2008. Ebro did not respond to the claim resulting in a reparation award in favor of G&G on August 8, 2008.

3. On January 26, 2009, G&G initiated this matter and filed a complaint to enforce the USDA Reparation Award as provided under 7 U.S.C. 499g. In addition, the complaint alleged Ebro breached the parties' contract by Ebro's failure to pay for the shipments.

4. Ebro did not respond to the complaint and filed for Chapter 11 bankruptcy which automatically stayed the district court proceedings.

5. G&G initiated an adversary proceeding in response to the parties' dispute as to whether the amounts owed and due to G&G were subject to the statutory trust provisions of the Perishable Agricultural Commodities Act [7 U.S.C. § 499a *et seq.*]("PACA"). *Id*. If the funds were deemed statutory trust assets, then G&G could recover them notwithstanding Ebro's bankruptcy filing. The Bankruptcy Court held a trial/hearing on the matter on October 7, 2009. At the trial, Debtor Ebro asserted for the first time and as its sole legal defense that the amounts owed to G&G were not subject to the PACA statutory trust based on the Ninth Circuit's holding in Bowlin & Son, Inc. v. San Joaquin Food Service, Inc., 958 F.2d 938 (9th Cir. 1992).

6. On February 1, 2010, the Bankruptcy Court issued its decision granting Ebro's objection as to G&G's claim status as a trust beneficiary under the PACA. The Court further granted G&G's claim for $43,946.60, as a general unsecured creditor and denied G&G's request

for attorney's fees. A copy of the Bankruptcy Court's memorandum and order is attached hereto as Exhibit "A."

7. G&G has appealed the Bankruptcy Court's decision to the U.S. District Court (Case No. 1:10-cv-1843)("G&G Appeal"). The parties have filed their respective appellate briefs and the matter is now under consideration by the court. G&G's Appeal was originally pending before Judge St. Eve but was reassigned Judge Feinerman on September 16, 2010. (Case No. 1:10-cv-01843, D.E. no. 34) At Judge Feinerman's request, the parties filed a Joint Status Report. A copy of the parties' report is attached hereto as Exhibit "B." A status conference has been set for December 15, 2010.

8. On October 20, 2010, the Bankruptcy Court granted the trustee's motion to dismiss the Ebro's bankruptcy filing. A copy of the Bankruptcy Court's order dismissing bankruptcy is attached hereto as Exhibit "C."

### B. Argument

9. G&G has spent the last 3 years seeking payment for shipments of peppers it made to Ebro totaling $43,946.60. It is undisputed that Ebro failed to pay G&G for the shipments and that Ebro's actions were a violation of federal law [7 U.S.C. 499b(4)]. Nevertheless as described above, G&G's claim has had to undertake lengthy legal proceedings to recover the undisputed amounts owed and due to G&G by Ebro. In light of this and in the interest of judicial economy, G&G's now respectfully requests that the Court reopen this matter so that the various disparate parts of its claim may be consolidated into one proceeding.

10. Ebro's bankruptcy filing placed an automatic stay on the proceedings before this Court. *See* 11 U.S.C. §§ 362(a)(1) and (3). This stay was terminated upon the Bankruptcy Court's order to dismiss Ebro's bankruptcy proceedings. The proceedings District Court may

accordingly now proceed. Specifically, G&G will seek to enforce its breach of contract claim against Ebro. This portion of G&G's claim remains regardless of the outcome of G&G's appeal. G&G therefore requests that the Court reopen these proceedings so that it may pursue its remaining claims.

11. Fed. R. Civ. P. 42(a) states:

If actions before the court involve a common question of law or fact, the court may:

(1) join for hearing or trial any or all matters at issue in the actions;

(2) consolidate the actions; or

(3) issue any other orders to avoid unnecessary cost or delay.

12. Court's have interpreted Rule 42(a) as part of the Court's inherent managerial power to eliminate unnecessary repetition and confusion. *See e.g.,* Dupont v. S. Pac. Co., 366 F.2d 193, 195 (5th Cir. 1966); Hendrix v. Raybestos-Manhattan, Inc., 776 F.2d 1492, 1495 (11th Cir. 1985).

13. At present, the G&G Appeal (Case No. 1:10-cv-1843) is under consideration by Judge Gary Feinerman. As discussed above, Judge Feinerman only recently received the G&G Appeal. Should the Court grant G&G's request that it reopen these proceedings, consolidating the proceedings before this Court would be in the interest of judicial economy. That is, the Court could consider both the G&G Appeal and G&G's efforts to prosecute the remaining claims against Ebro.

14. In addition, should G&G succeed in its appeal, G&G would be able to enforce its PACA trust rights before this Court rather than petition the bankruptcy court to reopen the proceedings.

WHEREFORE for the above-stated reasons, Plaintiff respectfully requests that the Court reopen this matter and consolidate it with its appeal currently pending before Judge Feinerman.

Dated: November 3, 2010.

        Respectfully submitted,

        G AND G PEPPERS, LLC

        s/ Craig A. Stokes
        One of its Attorneys

Craig A. Stokes, Esq.
Florida Bar Number 0122572
STOKES LAW OFFICE LLP
3330 Oakwell Court, Suite 225
San Antonio, TX 78218
(210) 804-0011